# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANESSA KENNY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   CIVIL ACTION |
| v. | )   NO.  06-cv-1886 |
| | ) |
| MICHAEL ASTRUE, | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**AND NOW**, this 14th day of May 2007, upon consideration of the parties' Cross-Motions for Summary Judgment [Document Nos. 10 & 12], and after careful review of United States Magistrate Judge Linda K. Caracappa's Report and Recommendation ("R&R") [Document No. 14] and Defendant's Objections thereto [Document No. 15], it is hereby **ORDERED** that:

1. The R&R of is **APPROVED** and **ADOPTED**;[1]

---

[1] Defendant concedes that this matter should be remanded for psychiatric evaluation and formal neoropsychiatric testing.  Defendant's only objection is to footnote 9 of the R&R which states, "such examination and testing would, of course, be paid for by social security pursuant to 20 C.F.R. § 404.1527(c)(3)."  It is Defendant's position that Plaintiff Vanessa Kenny should bear the cost of this additional testing.  The Court does not agree.

Under 20 C.F.R. § 404.1527(c)(3), "[i]f the evidence is consistent but we do not have sufficient evidence to decide whether you are disabled . . . we [the Social Security Administration] will try to obtain additional evidence under the provisions of §§ 404.1512 and 404.1519 through 404.1519h.  We will . . . ask you to undergo a consultive examination at *our* expense . . . ."  (emphasis added).  Section 404.1527(c)(3) therefore clearly indicates that the Social Security Administration bears the burden of expense for Plaintiff's additional testing.

Nonetheless, Defendant is correct in stating that § 404.1527(c)(3) must be read in conjunction with §§ 404.1519 through 404.1519t.  These conjunctive provisions require that the examining physician meet certain medical standards, and that the cost that the Social Security Administration is required to pay for this additional testing is limited to the fee-schedule payment determined by the state disability-determination service.  Accordingly, whether Plaintiff elects to undergo this additional testing with the physician that Defendant has already arranged to perform such tests, or elects to undergo this additional testing with a different physician, the physician must meet the licensing, training, and reporting requirements for consultative examiners, and Defendant is responsible only for costs equal to, or less than, the fee-schedule payment determined by the state disability-determination service.

2. Plaintiff's Motion for Summary Judgment is **DENIED**;

3. Defendant's Cross-Motion for Summary Judgment is **DENIED**; and

4. The case is **REMANDED** in accordance with the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration for proceedings consistent with the R&R of United States Magistrate Judge Linda K. Caracappa.

5. The Clerk of Court is **ORDERED** to mark this case **CLOSED**.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
**CYNTHIA M. RUFE, J.**